## THE HEBE COMPANY ET AL. *v.* SHAW, SECRETARY OF AGRICULTURE OF OHIO, ET AL.

### APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF OHIO.

No. 664. Argued December 11, 12, 1918.—Decided January 7, 1919.

The General Code of Ohio, § 12725, forbids, under criminal penalty, the manufacture, sale, etc., of condensed milk, unless made from unadulterated milk from which the cream has not been removed and in which the milk solids are equivalent to 12% of those in crude milk and 25% of them fat, and unless the container is distinctly labeled, stamped or marked with its true name, brand and by whom and under what name made; by § 5778 a food is adulterated if a valuable ingredient has been wholly or in part abstracted; and § 12720 allows skimmed milk to be sold only under restrictions. Appellants' product, assumed to be wholesome and nutritious, and consisting of condensed skimmed milk combined with cocoanut oil, was imported from another State in cases each containing a number of the one pound or six ounce cans in which it was retailed, each can being labeled "Hebe A Compound of Evaporated Skimmed Milk and Vegetable Fat Contains 6% Vegetable Fat, 24% Total Solids," with the place of manufacture and address of the company, and the words "For Coffee and Cereals For Baking and Cooking."

*Held:* (1) That the product was within the prohibition of § 12725. P. 302.

(2) That, as so construed and applied, the statute did not violate the Fourteenth Amendment. P. 303.

(3) That, as applied to the cans containing the product, the prohibition

of local sale was not invalid as a direct burden on interstate commerce; in this aspect the cases in which the cans were shipped, and not the cans, were the "original packages." P. 304.

(4) That the Federal Food & Drugs Act did not prevent such regulation. *Id.*

Affirmed.

THE case is stated in the opinion.

*Mr. Charles E. Hughes,* with whom *Mr. Brode B. Davis, Mr. Thomas E. Lannen* and *Mr. Augustus T. Seymour* were on the briefs, for appellants:

The food product in question, being pure and wholesome, plainly and fairly labeled, is not within the condemnation of the legislation of the State of Ohio, and may be lawfully sold there. *United States v. Frank,* 189 Fed. Rep. 195, 198; *Caha v. United States,* 152 U. S. 211, 221; *Hutchinson Ice Cream Co. v. Iowa,* 242 U. S. 153; *Commonwealth v. Boston White Cross Milk Co.,* 209 Massachusetts, 30; *Genesee Valley Milk Products Co. v. J. H. Jones Corporation,* 143 App. Div. 624, 626, 627; *State v. Crescent Creamery Co.,* 83 Minnesota, 284; *Rose v. State,* 11 Ohio Cir. Ct. Rep. 87; *J. M. Sealtz Co. v. State of Ohio,* decided by Ct. of Appeals, Allen County, Ohio, Dec. 28, 1917.

The statute is penal and it should not be extended by construction. *Bolles v. Outing Company,* 175 U. S. 262, 265; *Commonwealth v. Boston White Cross Milk Co., supra.*

The statute does not embrace a compound such as "Hebe." *Hutchinson Ice Cream Co. v. Iowa, supra.*

If the legislation can be deemed applicable, the prohibition of the sale of this product in Ohio is an unconstitutional interference with interstate commerce. The appellants are entitled to be protected against interference with sales in the original packages. The prohibition of the statute is repugnant to the Federal Food and

Drugs Act. *Savage* v. *Jones,* 225 U. S. 501, 519, 520; *Schollenberger* v. *Pennsylvania,* 171 U. S. 1; *Collins* v. *New Hampshire,* 171 U. S. 30; *Brown* v. *Maryland,* 12 Wheat. 419; *Leisy* v. *Hardin,* 135 U. S. 100; *Rhodes* v. *Iowa,* 170 U. S. 412, 424; *May* v. *New Orleans,* 178 U. S. 496; *Austin* v. *Tennessee,* 179 U. S. 343; *Gulf, Colorado & Santa Fe Ry. Co.* v. *Hefley,* 158 U. S. 98; *Northern Pacific Ry. Co.* v. *Washington,* 222 U. S. 370, 378; *Erie R. R. Co.* v. *New York,* 233 U. S. 671, 683; *McDermott* v. *Wisconsin,* 228 U. S. 115, 132–137; *Corn Products Refining Co.* v. *Weigle,* 221 Fed. Rep. 998; *United States* v. *779 Cases of Molasses,* 174 Fed. Rep. 325; *Curtice Brothers Co.* v. *Weigle,* D. C. U. S., Western District of Wisconsin, decided October 30, 1916, [not reported—see 248 U. S. 285].

The prohibition of the sale within the State of Ohio of this product, concededly pure, wholesome and nutritious, is invalid as a deprivation of liberty and property, and a denial of the equal protection of the laws, contrary to the Fourteenth Amendment. *Allgeyer* v. *Louisiana,* 165 U. S. 578, 589; *Adams* v. *Tanner,* 244 U. S. 590; *Powell* v. *Pennsylvania,* 127 U. S. 678; *Price* v. *Illinois,* 238 U. S. 446; *Armour & Co.* v. *North Dakota,* 240 U. S. 510; *People* v. *Biesecker,* 169 N. Y. 53; *Toledo, Wabash & Western Ry. Co.* v. *Jacksonville,* 67 Illinois, 37; *State* v. *Hanson,* 118 Minnesota, 85; *Ex parte Hayden,* 147 California, 649; *Rigbers* v. *Atlanta,* 7 Ga. App. 411; *Dorsey* v. *Texas,* 38 Tex. Crim. Rep. 527; *People* v. *Excelsior Bottling Works,* 184 App. Div. 45; *Waite* v. *Macy,* 246 U. S. 606.

*Mr. Louis D. Johnson* and *Mr. Charles J. Pretzman,* with whom *Mr. Joseph McGhee,* Attorney General of the State of Ohio, was on the brief, for appellees:

The food product, whether pure and wholesome or not and whether plainly and fairly labeled or not, is within

the condemnation of the legislation of the State of Ohio and may not lawfully be sold in Ohio.   Lewis' Sutherland Statutory Construction, pp. 967, 980; *Conrad* v. *State*, 75 Ohio St. 52; *United States* v. *Hartwell*, 6 Wall. 385; *State* v. *Brown*, 7 Oregon, 186; *Bissot* v. *State*, 53 Indiana, 408; *Barker* v. *State*, 69 Ohio St. 68; *State* v. *Vause*, 84 Ohio St. 210, 215, 216; *State* v. *Crescent Creamery Co.*, 83 Minnesota, 284; *Genesee Valley Milk Products Co.* v. *J. H. Jones Corporation*, 143 App. Div. 624, 626, 627; *Commonwealth* v. *Boston White Cross Milk Co.*, 209 Massachusetts, 30; *Hutchinson Ice Cream Co.* v. *Iowa*, 242 U. S. 153; *Ryder* v. *Maryland*, 109 Maryland, 235; General Code of Ohio, §§ 12725, 5774, 5778, 5785, and 12717.

The prohibition of the sale in Ohio is not an unconstitutional interference with interstate commerce.   The appellants are not entitled to be protected against interference with sales in the original packages, and the prohibition of the statute is not repugnant to the Federal Food and Drugs Act.   *Brown* v. *Maryland*, 12 Wheat. 419; *Leisy* v. *Hardin*, 135 U. S. 100, 124; *Schollenberger* v. *Pennsylvania*, 171 U. S. 1; *Purity Extract Co.* v. *Lynch*, 226 U. S. 192; *McDermott* v. *Wisconsin*, 228 U. S. 115; *Austin* v. *Tennessee*, 179 U. S. 343; *Cook* v. *County of Marshall*, 196 U. S. 261; *Price* v. *Illinois*, 238 U. S. 446; *Armour & Co.* v. *North Dakota*, 240 U. S. 510; *Sligh* v. *Kirkwood*, 237 U. S. 52; *Savage* v. *Jones*, 225 U. S. 501; *Plumley* v. *Massachusetts*, 155 U. S. 461.

The prohibition of sale in Ohio is a valid exercise of the police power of the State, and not invalid as a deprivation of liberty and property or as denial of the equal protection of the laws.   *Atlantic Coast Line R. R. Co.* v. *Georgia*, 234 U. S. 280–288; *Rast* v. *Van Deman & Lewis Co.*, 240 U. S. 342–357; *Armour & Co.* v. *North Dakota*, 240 U. S. 510; *Schmidinger* v. *Chicago*, 226 U. S. 578; *Powell* v. *Pennsylvania*, 127 U. S. 678; *Waite* v. *Macy*, 246 U. S. 606; *People*

v. *Biesecker,* 169 N. Y. 53; *In re Bresnahan, Jr.,* 18 Fed.
Rep. 62; *Butler* v. *Chambers,* 36 Minnesota, 69; *Toledo,
Wabash & Western Ry. Co.* v. *Jacksonville,* 67 Illinois 37,
40; *State* v. *Hanson,* 118 Minnesota, 85; *Ex parte Hayden,*
147 California, 649; *Rigbers* v. *Atlanta,* 7 Ga. App. 411;
*Dorsey* v. *Texas,* 38 Tex. Crim. Rep. 527; *Commonwealth*
v. *Waite,* 11 Allen, 264; *State* v. *Capital City Dairy Co.,*
62 Ohio St. 246; 183 U. S. 238; *State* v. *Rippeth,* 71 Ohio
St. 85, 87; *Jeffrey Mfg. Co.* v. *Blagg,* 235 U. S. 571; *German Alliance Ins. Co.* v. *Kansas,* 233 U. S. 389; *Lindsley*
v. *Natural Carbonic Gas Co.,* 220 U. S. 61; *Central Lumber
Co.* v. *South Dakota,* 226 U. S. 157; *People* v. *Marx,* 99
N. Y. 377; *State* v. *Addington,* 77 Missouri, 110; *Powell* v.
*Commonwealth,* 114 Pa. St. 265.

The bill of complaint should be dismissed for want of
equity.

Mr. Justice Holmes delivered the opinion of the court.

This is a bill in equity brought to restrain prosecutions
threatened against the plaintiffs and their customers for
selling a food product of the plaintiffs called Hebe, the
bill being based upon the destruction of the plaintiffs'
business which it is alleged will ensue. The prosecutions
are threatened mainly or wholly under certain statutes
of Ohio which, the plaintiffs argue, do not bear the con-
struction put upon them by the defendants, or, if they
do, are bad under the Fourteenth Amendment to the Con-
stitution of the United States and the Commerce Clause.
Article I, § 8. A similar case was heard before three
judges. By agreement the evidence in that case was made
the evidence in this. The District Judge adopted the
opinion of the three and dismissed the bill.

Hebe is skimmed milk condensed by evaporation to
which six per cent. of cocoanut oil is added by a process
that combines the two. It is sold in tin cans containing

one pound or six ounces of the product and labeled "Hebe A Compound of Evaporated Skimmed Milk and Vegetable Fat Contains 6% Vegetable Fat, 24% Total Solids," with the place of manufacture and address of the Hebe Company. On the side of the label are the words "For Coffee and Cereals For Baking and Cooking." By § 12725 of the General Code of Ohio "Whoever manufactures, sells, exchanges, exposes or offers for sale or exchange, condensed milk unless it has been made from . . . unadulterated . . . milk, from which the cream has not been removed and in which the proportion of milk solids shall be the equivalent of twelve per cent. of milk solids in crude milk, twenty-five per cent. of such solids being fat, and unless the package, can or vessel containing it is distinctly labeled, stamped or marked with its true name, brand, and by whom and under what name made," is subject to a fine, and for each subsequent offense to a fine and imprisonment. The first question is whether Hebe falls within these words.

It is argued that, as Hebe is a wholesome or not unwholesome product, the statutes should not be construed to prohibit it if such a construction can be avoided, and that it can be avoided by confining the prohibition to sales of condensed milk as such, under the name of condensed milk, as was held with regard to ice cream in *Hutchinson Ice Cream Co.* v. *Iowa*, 242 U. S. 153. But the statute could not direct itself to the product as distinguished from the name more clearly than it does. You are not to make a certain article, whatever you call it, except from certain materials—the object plainly being to secure the presence of the nutritious elements mentioned in the act, and to save the public from the fraudulent substitution of an inferior product that would be hard to detect. *Savage* v. *Jones*, 225 U. S. 501, 524. By § 5778 a food is adulterated if a valuable ingredient has been wholly or in part abstracted from it, and the effect of this provision upon

skimmed milk is qualified only by § 12720, which states the stringent terms upon which alone that substance can be sold. It seems entirely clear that condensed skimmed milk is forbidden out and out. But if so the statute cannot be avoided by adding a small amount of cocoanut oil. We may assume that the product is improved by the addition, but the body of it still is condensed skimmed milk, and this improvement consists merely in making the cheaper and forbidden substance more like the dearer and better one and thus at the same time more available for a fraudulent substitute. It is true that so far as the question of fraud is concerned the label on the plaintiffs' cans tells the truth—but the consumer in many cases never sees it. Moreover, when the label tells the public to use Hebe for purposes to which condensed milk is applied and states of what Hebe is made, it more than half recognizes the plain fact that Hebe is nothing but condensed milk of a cheaper sort.

We are satisfied that the statute as construed by us is not invalidated by the Fourteenth Amendment. The purposes to secure a certain minimum of nutritive elements and to prevent fraud may be carried out in this way even though condensed skimmed milk and Hebe both should be admitted to be wholesome. The power of the legislature "is not to be denied simply because some innocent articles or transactions may be found within the proscribed class. The inquiry must be whether, considering the end in view, the statute passes the bounds of reason and assumes the character of a merely arbitrary fiat." *Purity Extract & Tonic Co.* v. *Lynch,* 226 U. S. 192, 204. If the character or effect of the article as intended to be used "be debatable, the legislature is entitled to its own judgment, and that judgment is not to be superseded by the verdict of a jury," or we may add, by the personal opinion of judges, "upon the issue which the legislature has decided." *Price* v. *Illinois,* 238 U. S.

446, 452. *Rast* v. *Van Deman & Lewis Co.*, 240 U. S. 342, 357. The answer to the inquiry is that the provisions are of a kind familiar to legislation and often sustained and that it is impossible for this Court to say that they might not be believed to be necessary in order to accomplish the desired ends. See further *Atlantic Coast Line R. R. Co.* v. *Georgia*, 234 U. S. 280, 288.

With regard to the other objection urged, the statute "was not aimed at interstate commerce, but without discrimination sought to promote fair dealing in the described articles of food." *Savage* v. *Jones*, 225 U. S. 501, 524. The defendants disclaim any intention to interfere with the sale of the goods in the original packages by the consignee, and if the record is thought to raise a doubt with regard to that it may be met by a modification of the decree so as to leave it without prejudice in case prosecutions should be threatened or attempted for such sales. Some question was raised as to whether the individual can was not to be regarded as the original package. But it appears that the cans are brought from Wisconsin, where Hebe is manufactured, into Ohio in fibre cases containing forty-eight one-pound cans or ninety-six six-ounce cans. The cases are the original packages so far as the present question is concerned, *Austin* v. *Tennessee*, 179 U. S. 343, although no doubt, as shown by *McDermott* v. *Wisconsin*, 228 U. S. 115, 136, the power of Congress to regulate interstate commerce would extend for some purposes to the cans. The Food and Drugs Act of June 30, 1906, c. 3915, 34 Stat. 768, dealt with in *McDermott* v. *Wisconsin*, does not prevent state regulation of domestic retail sales. *Armour & Co.* v. *North Dakota*, 240 U. S. 510, 517. *Weigle* v. *Curtice Brothers Co.*, ante, 285. Indirect effects upon interstate commerce do not invalidate the act. *Sligh* v. *Kirkwood*, 237 U. S. 52, 61. *Savage* v. *Jones*, 225 U. S. 501, 525.

*Decree affirmed.*

297.  . DAY, VAN DEVAN1      .i BRANDEIS, JJ., dissenting.

MR. JUSTICE DAY, with whom concurred MR. JUSTICE VAN DEVANTER and MR. JUSTICE BRANDEIS, dissenting.

The right to prohibit the sale of plaintiffs' product in the State of Ohio is mainly rested upon § 12725 of the General Code of that State. In the absence of a construction by the Supreme Court of Ohio, we must interpret the statute ourselves. We have been unable to come to the conclusion, reached by the majority of the court, as to the meaning of the law. As the result of this decision is to exclude from sale in the State of Ohio a food product not of itself harmful, but shown to be wholesome, we shall briefly state the reasons which impel the dissent.

Section 12725 of the General Code of Ohio reads:.

· "Whoever manufactures, sells, exchanges, exposes or offers for sale or exchange, condensed milk unless it has been made from pure, clean, fresh, healthy, unadulterated and wholesome milk, from which the cream has not been removed and in which the proportion of milk solids shall be the equivalent of twelve per cent. of milk solids in crude milk, twenty-five per cent. of such solids being fat, and unless the package, can or vessel containing it is distinctly labeled, stamped or marked with its true name, brand, and by whom and under what name made, shall be fined not less than fifty dollars nor more than two hundred dollars, and, for each subsequent offense, shall be fined not less than one hundred dollars nor more than five hundred dollars and imprisoned not less than ten days nor more than ninety days."

The statute defines a crime, and the question is not different than it would be if the plaintiffs were indicted for its violation. While all statutes are to receive a reasonable interpretation, those of a criminal nature are not to be extended by implication. Condensed milk, when this statute was passed, was well known to be milk from which a considerable portion of water had been evaporated.

Condensed milk to be what its name imports must be made from whole milk. If not so manufactured, the legislature has the right to provide that the public shall be advised of the treatment to which it has been subjected. Skimmed milk, conspicuously labeled as such, may be sold in the State of Ohio. (§ 12720, Gen. Code, Ohio.) The legislature has shown no intention to condemn it as an un-- wholesome article of food. It is not less so when condensed.

We are unable to find in these statutes anything which prohibits the sale of condensed, skimmed milk when it is a part of a wholesome compound sold for what it really is, and distinctly labeled as such. In the section under consideration, 12725, the Ohio legislature was not dealing with compounds. It was undertaking to assure the purity of a well-known article of food—condensed milk. The statute provides that such condensed milk so offered for sale shall be made of pure, clean, fresh, unadulterated and wholesome milk from which the cream has not been removed, and that the can containing it shall be distinctly labeled with its true name. With deference to the contrary view, it seems to us that reading the statute in the light of its purpose to require condensed milk to be made from whole milk and sold for what it is, the necessary result is to exclude the plaintiffs' compound from the words and meaning of the act. It is not evaporated milk, and makes no pretense of being such. It is a food compound consisting in part of condensed, skimmed milk. It is so labeled in unmistakable words in large print on the can containing it. The label states with all the emphasis which large type can give that it is a compound made of "evaporated skimmed milk and vegetable fat." The proportions of the ingredients are stated. The striking label does not describe condensed milk, and he who reads it cannot be misled to the belief that he is buying that article. It is shown to be wholesome and clean and free from impurities.

297.      DAY, VAN DEVANTER, and BRANDEIS, JJ., dissenting.

It seems to us that the case is within the principle stated by this court in *Hutchinson Ice Cream Co.* v. *Iowa,* 242 U. S. 153, in which a statute forbidding the sale as ice cream of an article not containing a certain portion of butter fat was sustained as within the police power of the State. The statute was construed by the highest court of the State where it was produced to include articles sold as ice cream; thus interpreted, we held it to be a constitutional exercise of the police power of the State. So here, we think the legislature of Ohio intended to deal with condensed milk when sold as such, and to make it an offense to sell it when of less than the required purity.

It may be conceded that the statute would include such an article when not up to the standard, but sold for the real thing. The public is entitled to protection from deception as well as from impurity. This principle seems to have controlled the decision of the District Court. The record discloses that in one or more instances dealers had supplied this article as condensed milk. But an act or two of this sort by fraudulent dealers ought not to be the test of the plaintiffs' right, or control the meaning of this statute. If such were the case, very few food compounds would escape condemnation. The few instances of deception shown had not the sanction of plaintiffs' authority. Such acts did violence to the plain terms in which the plaintiffs' printed label disclosed that their product was a compound and defined its parts. The label so truly expresses just what the substance is, that it is difficult to believe that any purchaser could be deceived into buying the article for something other than it is.

The interdiction of the State Board is not against the sale of this article as condensed milk, but of all sales of this compound in the State of Ohio. In our view this criminal statute, rightly interpreted, does not embrace the plaintiffs' product, and that reason alone should be sufficient to warrant a reversal of the decree.