**ROYAL BAKING POWDER CO. v. DONOHUE et al., State Board of Health of Montana.**

(District Court, D. Montana. May 12, 1920.)

No. 153.

1. **Commerce ☞8(10)—Federal Pure Food Act does not prevent similar acts by state.**
   The federal Food and Drug Act (Comp. St. §§ 8717–8728) does not prevent a similar act by the state in respect to intrastate transactions.

2. **Food ☞2—Decision of board of health on facts, supported by evidence, is final.**
   Decision of state board of health under a valid pure food act on questions of fact, if supported by substantial evidence, is final everywhere.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Food ⟨⟩15—Evidence held to sustain finding of misbranding.**

Where a baking powder company had changed a cream of tartar powder to a less valuable phosphate acid powder, and changed the brand only by putting the word "cream" in quotation marks, and making other slight substitutions, which would not attract attention without careful inspection, a decision by a state board of health that the article was misbranded, within a state act prohibiting labels misleading in any particular, was supported by evidence.

**4. Food ⟨⟩15—Brands to entrap careless and ignorant not permitted.**

The seller of goods is not permitted to use brands which entrap the ordinary careless and ignorant.

**5. Food ⟨⟩15—"Cream" in baking powder label not meaningless.**

The word "cream" in a label of baking powder, is not arbitrary, meaningless, or distinctive.

**6. Food ⟨⟩15—Intent in misbranding is immaterial.**

Where there is evidence to support a finding that the brand on baking powder was misleading, the intent or belief of the seller is immaterial.

In Equity. Suit for injunction by the Royal Baking Powder Company against D. J. Donohue and others, as the State Board of Health of Montana. Decree rendered for defendants.

Kremer, Sanders & Kremer, of Butte, Mont., for plaintiff.

S. C. Ford and W. D. Rankin, both of Helena, Mont., and C. W. Varnum, of Denver, Colo., for defendants.

BOURQUIN, District Judge. This is a suit to restrain officers of this state from enforcement of the food and drug laws of the state (Laws 1911, c. 130); the allegations, virtually admitted, being that said officers intend to prevent sale of complainant's "Dr. Price's Cream Baking Powder," so labeled, upon the ground that the said label is misbranding within said laws. From the evidence it appears that for nearly 60 years Dr. Price and various successors, including complainant, the present one, had manufactured and sold a baking powder in which the acid ingredient was cream of tartar, and also in later years in part tartaric acid. Upon the cans was a label, "Dr. Price's Cream Baking Powder, Perfectly Made;" below the word "Cream" appearing a cornucopia of grapes, and the back of the label bearing recipes and a statement of ingredients.

In advertising and otherwise the superiority of baking powder containing tartars from grapes as the acid ingredient over those containing phosphate or alum as the acid ingredient was diligently impressed upon the public. In 1919 complainant abandoned the use of tartars in this brand, but not in others it owns, substituting phosphate. Thereupon it reduced the price nearly 50 per cent., and also advertised the fact of price reduction, relying therein on the repute of name and years insuring quality and dependability, but saying nothing in reference to the aforesaid substitution, save in letters and advertising addressed to the trade, until about two weeks before the bill herein was filed, and subsequent to the beginning of the acts of defendants herein complained of.

Complainant made changes in its label as follows: The word "Cream" is now inclosed in quotation marks; directly beneath it is

inserted the trade-mark notice, which is at the bottom of the old label; the contents of the cornucopia are changed to flowers, said to be golden rod; "A Pure Phosphate Powder" is substituted for "Perfectly Made"; and on the back of the label the statement of ingredients is properly changed. In all else—size, general design, and coloring—the labels are alike. From a distance sufficient to obscure smaller letters, no difference would be apparent.

In view thereof, defendants, the state board of health and director created by the state law aforesaid to administer the law, determined the label as changed constituted misbranding within said law, and accordingly propose to act thereon, to prevent and punish its use, as the law provides.

[1] Without extensively reviewing the evidence, or the very elaborate briefs and arguments, which range unduly wide, it is believed the defendants, in administration of the state law, are so far proceeding legally that they are not subject to injunction herein. The federal Food and Drug Act (Comp. St. §§ 8717–8728) does not prohibit a like act by the state in respect to intrastate transactions. Weigle v. Curtice Co., 248 U. S. 285, 39 Sup. Ct. 124, 63 L. Ed. 242; Corn Products v. Eddy, 249 U. S. 427, 39 Sup. Ct. 325, 63 L. Ed. 689.

[2] The state law valid, and defendants by it charged with the duty of administering it, they constitute a special tribunal, whose decisions upon questions of fact are final everywhere, if supported by substantial evidence—a well-settled principle applicable here. See Houston v. Packing Co., 249 U. S. 484, 39 Sup. Ct. 332, 63 L. Ed. 717; Brougham v. Mfg. Co., 249 U. S. 499, 39 Sup. Ct. 363, 63 L. Ed. 725. Whether there is such evidence is the only issue here—is the entire case. The trade-mark feature of the label is immaterial. See Brougham v. Mfg. Co., supra.

[3] The state law is in terms like unto the federal and other state laws. It prohibits and penalizes misbranding; that is, labels bearing "any statement, design or device regarding such article, or the ingredients or substances contained therein, which shall be false or misleading in any particular," or, if labeled, "so as to deceive or mislead the purchaser." It lays no command on the purchaser to scrupulously or at all read labels. Not alone in words must the label be not misleading, but it must be not "misleading in any particular" in any part. Keeping in mind the purposes of this and like laws (to secure purity and to advise purchasers what they are buying), the court cannot say that there is not substantial evidence to support defendants' determination that complainant's label is misleading, and will deceive or mislead purchasers within the intent of the law. Rather, there is such evidence.

[4] Purchasers have learned to rely upon complainant's label as signifying a cream of tartar baking powder. They are habited to its general appearance, and accept it without consciously or at all reading the larger letters, to say nothing of the smaller. The changes made by complainant may well escape the observation of a large part of the habitual purchasers and the understanding of the larger part. Only to the more curious, careful, and learned would these changes im-

part information that the powder is no longer the approved tartars derived from grapes, but is now the discredited phosphates derived from bones or stones. Vendors are not permitted to entrap the ordinary careless and ignorant. See Hebe Co. v. Shaw, 248 U. S. 303, 39 Sup. Ct. 125, 63 L. Ed. 255; Houston v. Packing Co., 249 U. S. 487, 39 Sup. Ct. 332, 63 L. Ed. 717. The principle to some extent runs through the law of contracts, and is not peculiar here.

[5] The word "Cream" is not arbitrary, meaningless, distinctive, though in time it might become such, or might be used, if sufficient additions or changes deprive it, in the judgment of defendants, of its misleading quality now as used. See U. S. v. Barrels, 241 U. S. 289, 36 Sup. Ct. 573, 60 L. Ed. 995; Brougham Case, supra. Whether this label is a misbranding is committed by the law to defendants, and in the circumstances their judgment is final and not to be reviewed and set aside by any court.

[6] The intent of complainant is immaterial. Its belief is immaterial. The only material matter is its actual failure to measure up to the requirements of the law, in defendants' judgment, in the matter of the label.

Decree for defendants.