## CAROLENE PRODUCTS CO. v. MAHONEY et al.

(District Court, D. Massachusetts.    November 21, 1923.)

No. 1845.

1. **Injunction** ⊛=85(2)—**When equity has jurisdiction to enjoin enforcement of statute stated.**

Where enforcement of a state statute by threatened criminal prosecutions for its violation will work irremediable and unassessable damage to a complainant, equity has jurisdiction of a suit to enjoin its enforcement on the ground of its invalidity, or that, properly construed, it is not applicable to complainant.

2. **Food** ⊛=7—**Massachusetts Filled Milk Act held not to apply to baking preparation.**

Massachusetts Filled Milk Act (St. 1923, c. 170), prohibiting the addition of any fat or oil, other than butter fat, to milk, cream, or skimmed milk, or to any blend or compound thereof, with intent to sell the same, under the rule that a statute should be given a reasonable construction to carry out the legislative intent, *held* not to apply to "carolene," a compound of skimmed milk and egg yolk, subjected to partial evaporation and sold for use in coffee and baking, admittedly a wholesome and desirable food product, though it contains substantially one-tenth of 1 per cent. of fat derived from the egg yolk.

In Equity.    Suit by the Carolene Products Company against Francis X. Mahoney and others.    Decree for complainant.

Robert G. Dodge, of Boston, Mass., for plaintiff.

E. Mark Sullivan, of Boston, Mass., for defendants.

ANDERSON, Circuit Judge.    Plaintiff seeks to restrain the health officers of the city of Boston from enforcing, as against plaintiff's product, "carolene," Acts Mass. 1923, c. 170 (March 23, 1923), now G. L. c. 94, § 19a, which reads as follows:

"No person himself or by his servant or agent shall, for the purpose of sale or exchange, add any fat or oil other than milk fat to, or blend or compound the same with, any milk, cream or skimmed milk, whether or not condensed, evaporated, concentrated, powdered, dried or desiccated, nor shall any person himself or by his servant or agent sell, exchange or deliver, or have in possession with intent to sell, exchange or deliver, or expose or offer for sale or exchange, any milk, cream or skimmed milk in any of the aforesaid forms to which has been added or with which has been blended or compounded any fat or oil other than milk fat.    Whoever violates any provision of this section shall be punished by the penalties prescribed by section twenty-four."

[1] Federal jurisdiction is grounded on diversity of citizenship; equity jurisdiction upon the (practically admitted) proposition that prosecutions, if instituted, will work irremediable and unassessable damage to the plaintiff.    Clearly, if the plaintiff's main contentions are sound, this court has jurisdiction.    Hebe Co. v. Shaw, 248 U. S. 297, 39 Sup. Ct. 125, 63 L. Ed. 255; Savage v. Jones, 225 U. S. 501, 32 Sup. Ct. 715, 56 L. Ed. 1182; Ex parte Young, 209 U. S. 123, 28 Sup. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764; Royal Baking Powder Co. v. Emerson (C. C. A.) 270 Fed. 429, 432.

⊛=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[2] Carolene is a compound of skimmed milk and egg yolk, subjected to partial evaporation, with a resultant product made up of about 21 per cent of solids, of which about 2 per cent is fats. Of this 2 per cent., about one-fourth is derived from the egg yolk, and the other three-fourths are milk fats, not skimmed out. It is sterilized and put up in pound cans, advertised, and sold for use in coffee, baking, and other culinary purposes. It is undeniably (admittedly) a wholesome and desirable food product.

Plaintiff contends (1) that the act, properly construed, does not cover carolene; (2) that, if it does cover it, the act is unconstitutional. Neither proposition is entirely plain. Unquestionably, the act, literally construed, covers carolene; for carolene is a blending of egg fat with skimmed milk. The act proscribes the blending or compounding with milk, skimmed or unskimmed, of any fat or oil other than milk fat. But the same construction proscribes the ordinary "milk shake" and "milk chocolate" (chocolate contains fat) sold, by the million, daily in our drug stores. Apparently this construction would also cover ice creams and many kinds of cake.

It is inconceivable that the Massachusetts Legislature intended any such wholesale condemnation of desirable and widely used food products. Of course, the act is a criminal act, and must be strictly construed. It is unfortunate that the responsibility of initial construction falls on a federal court; but, on the whole, I am inclined to the view that the plaintiff's first contention, that carolene is not covered by the act, falls under the principle, of which the decision of the Supreme Court in the Holy Trinity Church Case, 143 U. S. 457, 459, 12 Sup. Ct. 511, 512 (36 L. Ed. 226) is the strongest illustration:

"A thing may be within the letter of the statute, and yet not within the statute, because not within its spirit, nor within the intention of its makers."

Compare De McKay v. United States (C. C. A.) 280 Fed. 465, 473; Taylor v. United States, 207 U. S. 120, 125, 28 Sup. Ct. 53, 52 L. Ed. 130; Cochran, etc., Co. v. Montgomery County, 199 U. S. 260, 272, 273, 26 Sup. Ct. 58, 50 L. Ed. 182, 4 Ann. Cas. 451; American Security & Trust Co. v. District of Columbia, 224 U. S. 491, 495, 32 Sup. Ct. 553, 56 L. Ed. 856; Roxford Knitting Co. v. Moore & Tierney, 265 Fed. 177, 191, 11 A. L. R. 1415; United States v. Tod (C. C. A.) 285 Fed. 847.

The evidence adduced, as well as analogous statutes passed in other states, shows that the Legislature of Massachusetts was seeking to deal with the evil incident to the production and sale of so-called "filled milk;" that is, milk from which milk fats have been largely or entirely taken, and vegetable fats or oils, usually cocoanut oil, substituted. Such milk products, with their diminished nutrient values and cheapened cost, have come to be regarded as either injurious to health, or as involving elements of fraud upon those who desire and think they are getting real milk, or both.

The language used obviously far outran the legislative purposes, just as in the contract labor (Holy Trinity Church) case, supra.

But, if wrong in the view that the statute, construed in the light of its manifest purposes, does not cover carolene, it is far from clear that

the statute is constitutional. On that point the gist is whether this case is ruled by the Hebe Case, supra. In the Hebe case, it is laid down:

"The power of the Legislature 'is not to be denied simply because some innocent articles or transactions may be found within the prescribed class. The inquiry must be whether, considering the end in view, the statute passes the bounds of reason and assumes the character of a merely arbitrary fiat.'"

It is of little import whether this court of first instance is or is not of the opinion that the act, construed as the defendants are construing it in their threatened prosecutions of dealers in carolene, "passes the bounds of reason." But it is important to observe that, if the act is applicable and unconstitutional—void—its present enforcement will ruin plaintiff's business in Boston, and perhaps in all Massachusetts, and that the plaintiff will be remediless; that the effect of the injunction now sought will be merely to preserve the status quo, as to carolene, until some court of higher authority can deal with the questions of construction and constitutionality, or until the Massachusetts Legislature shall have further opportunity more clearly to state and delimit its legislative purposes. Such injunction will have no effect upon proceedings against any other product. The power of the law-enforcing officials to institute proceedings against the sale of any product deemed in any way deleterious to the public health, or marketed in such way as to involve any element of deception or fraud, will be in no way impaired. So limited, the injunction will fall far short of nullifying the legislative purpose. The rule that "every reasonable presumption must be indulged in favor of the validity of such enactment" (Sweet v. Rechel, 159 U. S. 380, 392, 16 Sup. Ct. 43, 46, 40 L. Ed. 188) is not disregarded.

I am therefore, on the whole, constrained to the view that the injunction should issue; and it is so ordered.