(No. 20787.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.* THE CAROLENE PRODUCTS COMPANY, Appellee.

*Opinion filed June 18, 1931—Rehearing denied October 9, 1931.*

OSCAR E. CARLSTROM, Attorney General, and LESTER K. VANDEVER, State's Attorney, for appellant.

GEORGE N. MURDOCK, and PAUL V. McWILLIAMS, for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

An action in debt was brought by appellant in the circuit court of Montgomery county for the recovery of a penalty, charging appellee with the violation of what is commonly known as the Filled Milk law. This law was passed by the General Assembly and approved June 21, 1923, (Smith's Stat. 1929, chap. 56½, par. 19a,) and the section in question is as follows:

"Sec. 19½. No person shall manufacture, sell or exchange, or have in possession with intent to sell or exchange, any milk, cream, skim milk, buttermilk, condensed or evaporated milk, powdered milk, condensed skim milk, or any of the fluid derivatives of any of them to which has been added any fat or oil other than milk fat, either under the name of said products or articles or the derivatives thereof or under any fictitious or trade name whatsoever."

To the declaration charging a violation of this statute a plea of the general issue was filed and the cause was submitted to the trial court upon an agreed statement of facts. The trial court held the statute unconstitutional, in that it deprived appellee of its property without due process of law, was a denial of its right of equal protection under the law, was special legislation and therefore beyond the power of the legislature to pass, and the present appeal followed.

The agreed statement of facts shows that a product called "carolene" was manufactured and possessed by appellee at Litchfield, Illinois. Carolene was composed of evaporated skimmed milk to which was added cocoanut oil, the latter being a fat other than milk fat. The mixture contained not less than twenty-six per cent solids, and neither the evaporated skimmed milk nor the cocoanut oil, nor the combina-

tion, was harmful or deleterious to the health in any way. It was also stipulated that carolene was manufactured in a sanitary manner and its possession was in no way dangerous to the public; that it had the general appearance of ordinary evaporated milk, was packed in one-pound air-tight tin cans bearing the following statements, among others: "*Carolene*—Will keep sweet longer than either fresh or evaporated canned milk. * * * A compound of refined nut oils and evaporated skimmed milk. * * * Not to be sold for evaporated milk. A high-grade, wholesome food product. * * * Especially prepared for use in coffee, baking, and for other culinary purposes." It was further stipulated that the use of cocoanut oil in oleomargarine is not prohibited by the laws of this State and that carolene was not intended to be sold by appellee to customers in Illinois.

The sole question involved is whether the legislature exceeded its constitutional powers in enacting the law above quoted prohibiting the use of cocoanut oil in combination with skimmed milk, it being agreed that cocoanut oil in itself is a wholesome and nutritious substance, the use of which is not prohibited in the manufacture of oleomargarine. It is contended by the State that this law is a valid exercise of the police power and a lawful exercise of the right of the State to regulate the manufacture and sale of food and food products.

The legislature has no authority to pronounce the performance of an innocent act criminal when the public health, safety, comfort or welfare is not interfered with, (*Gillespie* v. *People,* 188 Ill. 176,) and may not, under the guise of protecting the public interests, arbitrarily interfere with private business or impose unusual and unnecessary restrictions upon lawful occupations. (*New State Ice Co.* v. *Liebmann,* 42 Fed. 2d, 913.) No question of imitation or fraud is involved in this case and the wholesomeness of carolene is admitted. In *People* v. *Price,* 257 Ill. 587, this court

said: "It may be conceded the legislature has no authority to forbid the sale of a known wholesome article of food."

Appellant relies upon the case of *Powell* v. *Pennsylvania,* 127 U. S. 678, but the stipulated facts clearly distinguish that case from the case at bar. In the *Powell case* it was assumed that most kinds of oleomargarine in the market were, or might become, injurious to health, but in the present case it is stipulated that neither cocoanut oil, nor its combination with skimmed milk, is injurious to health. The *Powell case* was later distinguished by the United States Supreme Court in *Weaver* v. *Palmer Bros. Co.* 270 U. S. 402, which involved the validity of a statute prohibiting the use of shoddy in the manufacture of bedding. The court there said: "Shoddy-filled comfortables made by appellee are useful articles for which there is much demand, and it is a matter of public concern that the production and sale of things necessary or convenient for use should not be forbidden. They are to be distinguished from things that the State is deemed to have power to suppress as inherently dangerous."

This court has by many decisions upheld the right of the citizen to engage in any occupation not detrimental to the public health, safety and welfare, free from regulation by the exercise of the police power. (*Banghart* v. *Walsh,* 339 Ill. 132; *Bessette* v. *People,* 193 id. 334; *Ruhstrat* v. *People,* 185 id. 133.) The measures adopted by the legislature to protect the public health and secure the public safety and welfare must have some relation to these proposed ends. (*Ritchie* v. *People,* 155 Ill. 98.) Rights of property will not be permitted to be invaded under the guise of police regulation. (*Bailey* v. *People,* 190 Ill. 28.) If it is manifest that the statute or ordinance, under the guise of a police regulation, does not tend to preserve the public health, safety or welfare, it is void as an invasion of the property rights of the individual. *People* v. *Weiner,* 271 Ill. 74; *Ramsey* v. *People,* 142 id. 380.

Considerable stress is placed by appellant upon the decision reached in the case of *Hebe Co.* v. *Shaw,* 248 U. S. 297, which involved a compound similar to carolene, the violation being charged under a statute of Ohio which regulated the manufacture of condensed milk. While the court there held the manufacture and sale of the compound to be a violation of the law and that legislative opinion could not be overturned by the courts, its reasoning was based upon a statement that the character and effect of the article intended to be used were debatable and that in such case the legislature was entitled to use its own judgment. In the case before us the wholesomeness of the product is admitted, with no question of imitation or deceit involved, so there is no debatable question of fact before the court, as there was in the Ohio case.

The case of *State* v. *Emery,* 178 Wis. 147, 189 N. W. 564, is also relied upon by appellant in support of its contentions. In that case the Supreme Court of Wisconsin, in construing a similar statute in 1922, held the act constitutional on the ground, as later upheld in *Hebe Co.* v. *Shaw, supra,* that where "there is any reasonable basis upon which the legislation may constitutionally rest, the court must assume that the legislature had such fact in mind," and that "the court cannot try the legislature and reverse its decisions as to the facts." In 1927 the Supreme Court of Wisconsin again had occasion to consider the constitutionality of a food statute, and in this later case (*Jelke Co.* v. *Emery,* 193 Wis. 311, 214 N. W. 369,) held: "It [the statute in question] prohibits the carrying on of a legitimate, profitable industry and the sale of a healthful, nutritious food. This prohibition can only be justified upon the ground that it is necessary in order to protect the public health, public morals, public safety, prevent fraud or promote the public welfare. As already indicated, the public health is not endangered by the manufacture and sale of oleomargarine, and certainly no question of morals is involved. * * * In a

doubtful case the final responsibility is with the court. * * * Whatever the economics of the situation may be, from the standpoint of constitutional right the legislature has no more power to prohibit the manufacture and sale of oleomargarine in aid of the dairy industry than it would have to prohibit the raising of sheep in aid of the beef-cattle industry or to prohibit the manufacture and sale of cement for the benefit of the lumber industry. In some cases a proper exercise of the police power results in advantage to a particular class of citizens and to the disadvantage of others. When that is the principal purpose of the measure, courts will look behind even the declared intent of legislatures and relieve citizens against oppressive acts where the primary purpose is not to the protection of the public health, safety or morals." It is thus seen that the present rule in Wisconsin, as enunciated in the case of *Jelke Co.* v. *Emery, supra,* is incompatible with the former view taken by the same court in *State* v. *Emery, supra.*

Under the facts admitted in this case the legislature has exceeded its constitutional power in enacting the law in question. It is admitted that carolene is not poisonous or explosive and that it does not injuriously affect the health, safety or welfare of the people. Cocoanut oil is admitted to be a healthful substance and is the principal ingredient of oleomargarine. It is unreasonable to permit cocoanut oil to be freely used as the principal ingredient of oleomargarine by one manufacturer and prohibit its use in smaller proportions by another manufacturer of a food product admitted to be equally wholesome and healthful. No showing is made that such a restriction is justified to protect the public health or to prevent fraud. Section 19½ is arbitrary and unreasonable, and is therefore a void enactment.

*Judgment affirmed.*