Suit by Charles W. Rice, Jr., doing business under the trade name of Rice's Spinning Wheel Company, against Nathan Mayo, as commissioner of Agriculture of the State of Florida, to enjoin defendant from enforcing against the complainant the Frozen Desserts Acts, the effect of which would be to prohibit complainant from selling at retail a frozen product known as Rice's Spinning Wheel Milk. From an adverse decree, defendant appeals.
Affirmed.
Appellee filed his bill of complaint praying that appellant be enjoined from enforcing against it the provision of Chapters 500, 502, and 503, Florida Statutes of 1941, F.S.A. better known as the Frozen Desserts Acts, the effect of such enforcement being to prohibit appellee from selling at retail Rice's Spinning Wheel Milk, and to revoke its license secured under said acts. A temporary restraining order was granted which was on final hearing made permanent. This appeal is from the final decree.
The point for determination is whether or not a dispenser of Rice's Spinning Wheel Milk is required to procure a license and comply with other provisions of Chapters 500, 502 and 503, Florida Statutes *Page 706 
1941, F.S.A., as a prerequisite for doing so.
The gist of appellant's contention is that Rice's Spinning Wheel Milk is a frozen product as defined by Chapter 503, and falls squarely within the definition of imitation ice cream as defined by said act, the pertinent part of which is:
"`Imitation ice cream' means any frozen substance, mixture or compound, regardless of the name under which it is represented, which is made in imitation or semblence of ice cream, or is prepared or frozen as ice cream is customarily prepared or frozen, and which is not ice cream, frozen custard, ice milk, sherbet or ice as defined in this chapter." § 503.01(9).
From an examination of the evidence we do not see that Rice's Spinning Wheel Milk possesses the attributes of imitation ice cream as defined by the quoted Statute. It is not a "frozen substance," it is not made in "imitation or semblence of ice cream," it is not frozen as "ice cream is customarily prepared" and it is not "frozen custard," "ice milk," "sherbet" or "ice" as defined by the Act. The trial Court found it to be a drink, that it was sold and used as a drink and we find ample evidence to support this finding.
An examination of the Frozen Desserts Act convinces one that the mark of distinction of a frozen dessert, that is to say, ice cream, frozen custard, ice milk, milk sherbet, ice or ice sherbet and imitation ice cream is that it be a frozen food. The ingredients are in the main eggs, sugar and milk or dairy products but the content apparently was not meant to control the name.
Both parties hereto contend that the reasoning in Setzer v. Mayo, 150 Fla. 734, 9 So.2d 280, supports their contention. Weaver v. Palmer Brothers Co., 270 U.S. 402, 46 S.Ct. 320, 70 L.Ed. 654; Hebe Co. et al. v. Norman E. Shaw et al., 248 U.S. 297, 39 S.Ct. 125, 63 L.Ed. 255; Hutchinson Ice Cream Co. v. State of Iowa, 242 U.S. 153, 37 S.Ct. 28, 61 L.Ed. 217, Ann.Cas. 1917B, 643; Sage Stores Co. v. Kansas, 323 U.S. 32, S.Ct. 9, 89 L.Ed. 25; Nebbia v. New York, 291 U.S. 502, 54 S.Ct. 505, 78 L.Ed. 940, 89 A.L.R. 1469, and other cases are cited and relied on. These cases have been read but we think the pleadings and the evidence conclude the point raised here so other questions raised become unimportant.
The decree appealed from is therefore affirmed.
Affirmed.
THOMAS, C.J., and CHAPMAN and SEBRING, JJ., concur.