FRANK T. CAMPBELL *et al.*, Railroad Commissioners, Appellants, v. CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY COMPANY, Appellee.

86   587
s90   764

1. **Railroads : FREIGHT RATES: TRANSPORTATION OVER ROAD PARTLY IN ANOTHER STATE: CONSTITUTIONAL LAW: MEANING OF INTERSTATE COMMERCE.** Section 1 of chapter 28 of Acts of the Twenty-second General Assembly, providing that the regulations of said chapter, fixing maximum rates of freight that may be charged by railroad companies for the transportation of property between points within this state, shall be applicable whether such transportation "shall be wholly within this state or partly within this state and an adjoining state or states," is not in conflict with section 8 of article 1 of the United States constitution, as being a regulation of interstate commerce.

2. ———: ———: **ORDERS OF RAILROAD COMMISSIONERS: ENFORCEMENT.** The enforcement of an order of the railroad commissioners, made upon the complaint of a private citizen, and requiring a railroad company to comply with a schedule of freight rates prepared by the commissioners, is a matter of public right, and an action therefor may be maintained by the state.

*Appeal from Lyon District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

MONDAY, OCTOBER 24, 1892.

ACTION in equity to compel the defendant to conform its charges to the schedule of maximum rates made by the board of railroad commissioners, and applicable to its road, and to compel it to refund certain charges. The cause was tried upon an agreed statement of facts, and a judgment was rendered in favor of the defendant. The plaintiffs appeal.—*Reversed.*

*John Y. Stone*, Attorney General, and *T. C. Dawson*, for appellants.

*John W. Cary*, for appellee.

ROBINSON, C. J.—At different times during the months of October, November, and December, 1889, and January, 1890, one D. J. Carpenter shipped from Beloit, Iowa, to Sioux City, Iowa, fifteen car loads of live stock over the railway of the defendant. He was charged by the defendant, for the transportation of the freight so shipped, the sum of two hundred and eighty-nine dollars and thirty-eight cents, or fifty-six dollars and seventy-six cents more than the schedule rate as fixed by the board of railroad commissioners. Carpenter made complaint of the overcharge to the board, and also complained that the defendant had raised its rate for transporting flour between the points named from ten cents per one hundred pounds, as fixed by the commissioners' schedule, to seventeen cents per one hundred pounds. The commissioners investigated the complaints, found that the facts were as claimed by Carpenter, and ordered the defendant to conform its charges to the maximum schedule which they had established, and informed the defendant that the overcharge of fifty-six dollars and seventy-six cents should be refunded to Carpenter. The defendant having failed to obey that order, this action is brought to enforce it. The defendant admits that the shipments and charges were substantially as claimed by Carpenter, but contends that its railway between Beloit and Sioux City is partly in Iowa and partly in South Dakota, and that the shipments in question were inter-state commerce, and therefore not subject to the control of this state nor to the schedule of rates fixed by its board of railroad commissioners. The district court found that the statutes of Iowa, so far as they

attempted to authorize the making of the order in question, were unconstitutional, and that the order was invalid.

I. The railway of defendant from Beloit to Sioux City is sixty-seven miles in length, and a little more than one-half of it is in this state, the remainder being in South Dakota. Between the points named the railway crosses the boundary of the state four times. The schedule of the board of railroad commissioners in question was adopted under the provisions of chapter 28 of the Acts of the Twenty-second General Assembly. Section 1 of that act contains the following:

1. RAILROADS: freight rates: transportation over road partly in another state: constitutional law: meaning of interstate commerce.

"The provisions of this act shall apply to the transportation of passengers and property, * * * and shall also be held to apply to shipments of property made from any point within the state to any point within the state, whether the transportation of the same shall be wholly within this state or partly within this state and an adjoining state or states."

The question presented for our determination is, whether freight shipped from Beloit to Sioux City over the railway described is interstate commerce, within the meaning of that provision of section 8 of article 1 of the constitution of the United States which reads as follows: "The congress shall have power to regulate commerce with foreign nations and among the several states, and with the Indian tribes." In *Welton v. Missouri* (91 U. S. 280), the supreme court of the United States used this language: "'Commerce' is a term of the largest import. It comprehends intercourse for the purposes of trade in any and all its forms, including transportation, purchase, sale, and exchange of commodities between the citizens of our country and the citizens or subjects of other countries, and between the citizens of different states." In

*Mobile County v. Kimball* (102 U. S. 702), it was said that "commerce with foreign countries and among the states, strictly considered, consists in intercourse and traffic, including in these terms navigation, and the transportation and transit of persons and property, as well as the purchase, sale, and exchange of commodities." In construing the constitutional provision under consideration, the same court, in *Gibbons v. Ogden* (9 Wheat. 189), defined commerce as follows: "Commerce undoubtedly is traffic, but it is something more; it is intercourse. It describes the commercial intercourse between nations and parts of nations in all its branches, and is regulated by prescribing rules for carrying on that intercourse." The language last quoted was used to refute the claim that the commerce contemplated by the constitution was mere traffic, the buying and selling or the interchange of commodities; but it was quoted with approval by the court which used it in the recent case of *Lehigh Valley Railroad Co. v. Pennsylvania* (12 Sup. Ct. Rep. 806), and applied to facts similar to those under consideration. The question involved in the case last cited was, whether the state had the power to levy and collect a tax on the gross earnings of a railway for the continuous transportation of passengers and freight from points in Pennsylvania to other points in the same state, over a line of railway which passed from that state to another and back. It was held that such transportation was not interstate commerce within the meaning of the federal constitution, and that the tax was valid. Since the question under consideration is a federal one, the decision last cited is decisive of it. Following that decision, we hold that the continuous transportation of articles of commerce from Beloit to Sioux City over the line of railway described is not interstate commerce, and that the statute under which the schedule of rates in question was made is not unconstitutional, so far as it has

been questioned on this appeal. The board of railroad commissioners was authorized to make a schedule of reasonable maximum charges for the continuous transportation of freight from points in this state to other points in this state, over a railway partly in another state. It is not shown that the rates fixed by the schedule in question are unreasonable, and, in the absence of a showing to the contrary, we must presume that they are fully authorized by the statute.

II. Counsel for appellee insists that this action cannot be maintained in behalf of the state, for the reason that, so far as the record shows, it is solely for the benefit of Carpenter. The enforcing of the order of the commissioners requiring the defendant to comply with the schedule of rates prepared for it, is a matter of public right, and an action therefor can be maintained for the state. No objection to the prosecution of this action in the name of the commissioners has been made.

2. ——: ——: orders of railroad commissioners: enforcement.

The appellants have not asked in this court a refund of the overcharge, and the claim therefor made in the petition must be deemed waived. Therefore we decide nothing in regard to the right of the state to prosecute an action in behalf of a private person to compel the refunding of overcharges he has paid. For reasons indicated, the judgment of the district court is REVERSED.