UNITED STATES ex rel. INTERSTATE COMMERCE COMMISSION v. CHICAGO, K. & S. R. CO.

(Circuit Court, W. D. Michigan, S. D. June 23, 1897.)

INTERSTATE COMMERCE ACT—LOCAL ROADS—REPORTS.

A railroad lying wholly within a state, which transports freight, whether coming from within or without the state, solely on local bills of lading, under a special contract limited to its own line, and without dividing charges with any other carriers or assuming any other obligations to or for them, does not come within the provisions of the interstate commerce act, and is not bound to make any report of its business to the interstate commerce commission.

Hearing on Petition for Mandamus to compel respondent company to file annual report under the provisions of the interstate commerce act.

John Power, U. S. Dist. Atty., for relators.
Howard, Roos & Howard, for respondent.

SEVERENS, District Judge. In this case I am of opinion that the question is not so wide as seems to be assumed or contended in the briefs and argument for the commission; that is to say, it is not whether a railway carrier operating a line wholly in a single state, which "hauls traffic in process of transportation to or from another state," is subject to the power of congress to regulate commerce, but is whether by the interstate commerce act it is, by that test alone, made subject to its regulations. The question here, therefore, must be determined by the provisions of that act. It appears from the answer and amended answer, which are taken by the parties as showing the facts of the case, that both the termini of the defendant's railway are within the state of Michigan, that it transports freight, whether shipped upon its line for destinations out of the state or from abroad to stations on its own line, upon

local bills of lading under a special contract of carriage limited to its own line. . It does not do such business upon through rates, which it divides with other carriers, or assume any obligation to or for them in respect of such carriage; and the delivery which it makes to other carriers, and its reception from them of freight, is not substantially different from a delivery to or reception from any consignee or consignor. If it is possible for a domestic railroad company, located and doing business wholly within a state, to so limit its business as not to be embraced by .the act as one engaged in interstate commerce, it would seem as though it were done in this instance. Without going into a discussion of the general subject, it appears to me that the case is covered by what was said by the supreme court of the United States in Cincinnati, N. O. & T. P. R. Co. v. Interstate Commerce Commission, 162 U. S. 184, 16 Sup. Ct. 700, and by the decision of Judge Sage in Interstate Commerce Commission v. Bellaire, Z. & O. Ry. Co., 77 Fed. 942. The result is that the defendant is not subject to the requirement of the commission to make report to it of its business under section 20 of the interstate commerce act, and that the motion for a mandamus to compel it to do so must be denied.