## THE CITY OF LEAVENWORTH V. RALPH A. EWING.

### No. 16,127.

#### SYLLABUS BY THE COURT.

1. MUNICIPAL CORPORATIONS—*License-tax—Domestic Business of Express Companies.* The legislature has authorized the officers of a city of the first class to impose a license-tax on express companies and agencies conducting an express business within the state—that is, the business of receiving packages from persons in the city and transmitting them to persons in other places within the state, and of receiving and delivering packages transmitted from other places within the state to consignees in the city. (*Topeka v. Jones,* 74 Kan. 164.)

2. LICENSE-TAX—*Interstate Commerce.* An occupation tax imposed on express companies, under an ordinance wherein it is expressly provided that it shall only apply to domestic business and never to interstate business, is not a regulation of or a burden upon interstate commerce.

3. ——— *Same.* A tax may be imposed upon the business done within the state although the express company in carrying the packages from one point to another within the state passes for a short distance over the soil of another state.

4. ——— *Domestic Business of Express Companies.* It is not an objection to the tax that much the larger part of the business of such company is interstate. If a small but separable and definite part of the business is domestic the express company can not escape payment of the state tax imposed on that part.

Error from Leavenworth district court; JAMES H. GILLPATRICK, judge. Opinion filed April 10, 1909. Affirmed.

*J. H. Wendorff,* for the appellee.
*John T. O'Keefe,* for the appellant.

The opinion of the court was delivered by

JOHNSTON, C. J.: Ralph A. Ewing, agent of the United States Express Company at Leavenworth, was arrested for the violation of a city ordinance imposing a license-tax on express companies and agencies. He was convicted upon the charge in the city court, and upon appeal was again convicted in the district court. In this appeal he is complaining that the ordinance under which he was convicted is invalid, and that the statute providing for a license-tax on express companies and agencies is inapplicable and does not warrant the ordinance which was enacted. The statute under which the ordinance was drawn provides that the mayor and council may levy and collect a license-tax upon and regulate the callings and occupations carried on and operated within the limits of the city, "including express companies and agencies." The ordinance provides that no person, firm or corporation, through his principal or agent, shall carry on or conduct any business, occupation or calling in the city of Leavenworth without taking out a license and paying the license-tax prescribed in the ordinance. It then provides:

"The sum of $50 per year on the business and occupation of express company, corporation or agency, in receiving packages in the city from persons in the city and transmitting the same by express from this city within the state to persons and places within the state and receiving in this city packages by express transmitted within the state from persons and places in this state to persons within this city, excepting the receipt, transmission and delivery of any such packages to and from any department, agency or agent of the United

States, and excepting the receipt, transmission and delivery of any such packages which are interstate commerce. The business and occupation of receiving, transmitting and delivering of the packages herein excepted is not taxed hereby."

The violation of any of the provisions of the ordinance is declared to be a misdemeanor, for which a fine may be imposed of not less than the amount of the license required to be paid nor more than double the amount thereof.

The contention that the statute authorizing the tax on occupations conducted within the city does not include the express business of carrying packages from other cities and places of the state into Leavenworth or of collecting packages in Leavenworth and carrying them to places within the state but outside the city has been negatively answered in *Topeka v. Jones,* 74 Kan. 164.

It is contended, however, that the ordinance imposes a tax and burden upon interstate commerce, and is therefore invalid. It will be observed that neither the statute nor the ordinance proposes to lay a tax upon interstate business. On the other hand, it is made clear by the terms of the ordinance that interstate business, as well as that done for the United States, is expressly excepted from its operation. It is conceded that persons and corporations engaged in interstate business may be subjected to the payment of taxes properly levied by the state upon their property within its borders, and also on business wholly conducted within the state; and it is likewise conceded that no state has the power to lay a direct tax or burden upon interstate commerce. The supreme court of the United States has held in a great number of cases that a tax levied directly upon interstate business alone or upon such business where it is carried on in connection with local business, and also a requirement that persons or corporations shall take out a license and pay a tax before they can conduct an interstate or local business, is a

burden on commerce between the states and a regulation which belongs exclusively to congress. The following may be cited as a type of many other cases: *Crutcher v. Kentucky,* 141 U. S. 47; *Leloup v. Port of Mobile,* 127 U. S. 640; *Norfolk &c. Railroad Co. v. Penn.,* 136 U. S. 114. (See, also, *The State v. Telegraph Co.,* 75 Kan. 609, and cases therein cited.) It is equally well settled that persons or companies carrying on a domestic business in connection with interstate business may be subjected to the payment of a state tax imposed on purely domestic business. In the Crutcher case, *supra,* after holding that a statute which made the obtaining of a license a prerequisite to the doing of interstate business was invalid, it was stated that "taxes or license-fees in good faith imposed exclusively on express business carried on wholly within the state would be open to no such objection." (Page 59.) The direct question of the right to impose a license-tax upon local business carried on by express companies doing both local and interstate business was determined in *Osborne v. Florida,* 164 U. S. 650. It was there held that, "so long as the regulation as to the license or taxation does not refer to and is not imposed upon the business of the company which is interstate, there is no interference with that commerce by the state statute." (Page 655.) It was also said that where the "law made the payment of the fee or the obtaining of the license a condition to the right to do any business whatever, whether interstate or purely local, it was on that account a regulation of interstate commerce, and therefore void" (p. 655), but it was held that if an express company can conduct its interstate business without paying any attention to the statute, and is not required to take out a license or pay a tax before doing that kind of business, the statute is valid. (See, also, *Western Union Telegraph Co. v. James,* 162 U. S. 650; *Ratterman v. Western Union Tel. Co.,* 127 U. S. 411; *Maine v. Grand Trunk R'y Co.,* 142 U. S. 217; *Pacific Express Company v. Seibert,* 142 U. S. 339; *Lehigh*

*Valley Railroad v. Pennsylvania,* 145 U. S. 192; *Pullman Co. v. Adams,* 189 U. S. 420; *Allen v. Pullman Company,* 191 U. S. 171; *Pennsylvania R. R. Co. v. Knight,* 192 U. S. 21.)

The declared purpose of the statute, as well as its operation and effect, is to lay a tax on business which is purely domestic, and of the good faith of the legislation there can be no doubt. It is contended, however, that the situation of the United States Express Company is exceptional, and as to even its local business the tax is an illegal exaction. It appears that the company uses a branch of the Chicago, Rock Island & Pacific Railway in transporting packages to and from the city of Leavenworth, which is the terminus of that branch. The railroad comes into Leavenworth from Missouri, and all express business of the company, either local or interstate, necessarily passes through Missouri. About ninety per cent. of its business is the carrying of articles and packages to people in places other than Kansas, and the remaining ten per cent. of its business is done between Leavenworth and other points in Kansas, but even this portion of the carriage is for a short distance through Missouri. The license-tax was upon so much of the company's business as was carried on in Kansas. It had an office and local conveyances in Leavenworth for the collection of packages in that city, and it made contracts for transporting these packages to places within the state. Likewise it collected packages in other parts of the state and carried them into Leavenworth, where they were delivered to the consignees. Does the fact that in carrying these packages between points in Kansas they pass over the soil of another state for a short distance make the tax on that business invalid? There is no claim that there is a mileage rate on the business, or that the charge for the carriage by this circuitous route is greater than is made by express companies carrying packages from Leavenworth to Atchison and other Kansas points by direct and shorter routes wholly

within the state. This part of the business, it would seem, is intercourse between people in Kansas and between places in Kansas, and can not for purposes of taxation be regarded as commerce between states. Pennsylvania imposed a state tax on the business done by railroad companies within that state. In transporting property from one point in Pennsylvania to another point in the same state the property was carried into and through a part of New Jersey. The amount of the tax, however, was determined in respect to the proportion of the transportation within the state. As against the tax it was contended that the deviation of the road through New Jersey gave the business an interstate character and made the tax a burden on interstate commerce. It was claimed that as the point of departure and the point of arrival were within the state the intercourse was between these points and not between any other points. It was said in the opinion of the United States supreme court:

"The question does not arise as to the power of any other state than the state of the termini, nor as to taxation upon the property of the company situated elsewhere than in Pennsylvania, nor as to the regulation by Pennsylvania of the operations of this or any other company elsewhere, but it is simply whether, in the carriage of freight and passengers between two points in one state, the mere passage over the soil of another state renders that business foreign which is domestic. We do not think such a view can be reasonably entertained, and are of opinion that this taxation is not open to constitutional objection by reason of the particular way in which Philadelphia was reached from Mauch Chunk." (*Lehigh Valley Railroad v. Pennsylvania*, 145 U. S. 192, 202.)

It was recognized that there could be no direct regulation of the transportation which has passed beyond the jurisdiction of the state, but it was held that the state might tax the business done in the course of a continuous carriage from one point to another in the state, although in accomplishing it a part of another state was incidentally traversed. The rule there

adopted applies here. In this case there is no question of rate on transportation, but only a tax laid on that part of the company's business done within the limits of the state.

Attention is called to *Hanley v. Kansas City Southern Ry. Co.*, 187 U. S. 617, as an authority against the imposition of the tax. It was there held that a state could not fix or enforce rates between points within the state when the transportation was without the state. It was said that the regulation of transportation is indivisible; that when a rate is established it must be established as a whole, and adopting this unity rule it was held the action of the state was invalid. In that case the Lehigh Valley Railroad case was referred to, and its rule was sustained upon the ground that it was a case of taxation and could be readily distinguished from an attempt by a state to regulate transportation while outside its borders. The case of *Maine v. Grand Trunk R'y Co.*, 142 U. S. 217, was also cited as an instance in which a tax was determined in respect to receipts for the proportion of the transportation within the state, and that such tax had been sustained, although it was admitted to be interstate. (As tending to sustain the same view, see, also, *Cincinnati Packet Co. v. Bay,* 200 U. S. 179; *United States v. Lehigh Val. R. Co.,* 115 Fed. 373; *Railroad Commissioners v. Telegraph Company,* 113 N. C. 213; *Campbell v. C. M. & St. P. R'y Co.,* 86 Iowa, 587.)

The result of the authorities is that a rate on a continuous carriage from point to point within the state is to be regarded as a unit, and when it is applied to a shipment which passes through more than one state it takes on an interstate character and is beyond the regulation of the state; but a different rule obtains in the matter of taxation. The state may properly tax the property located within its borders of a corporation doing an interstate business, and may also tax that part of the business of such corporation which is done within the state. The extent of the state business is of

little consequence. The domestic business may be inconsiderable, and if a small but definite part of the business is domestic the company transacting it can not escape paying the state tax on that part. (*The State v. Telegraph Co.*, 75 Kan. 609; *Kehrer v. Stewart*, 197 U. S. 60.)

The appellant argues that as the tangible property of the express company is subject to taxation it is unjust to impose the additional tax on its business, but all know that express companies have but little tangible property subject to taxation, and the practical methods by which such companies can be afforded an opportunity to contribute their just share of the public burdens and pay for the protection which the public gives is through excise taxes or license-taxes on their business. (*Pacific Express Company v. Seibert*, 142 U. S. 339.)

The statute and ordinance being valid, and the tax legal, the judgment of the district court is affirmed.