SAGE STORES CO. ET AL. *v.* KANSAS EX REL. MITCHELL (SUBSTITUTED AS ATTORNEY GENERAL).

No. 34.   Argued October 17, 1944.—Decided November 6, 1944.

---

*Mr. Thomas M. Lillard* for the Sage Stores Co., and *Mr. Samuel H. Kaufman,* with whom *Messrs. Thomas M. Lillard, Crampton Harris,* and *George Trosk* were on the brief, for Carolene Products Co., petitioners.

*Mr. C. Glenn Morris,* with whom *Mr. A. B. Mitchell,* Attorney General of Kansas, and *Mr. Warden L. Noe* were on the brief, for respondent.

MR. JUSTICE REED delivered the opinion of the Court.

An original action in quo warranto in the Supreme Court of the State of Kansas was begun against The Sage Stores, a Kansas corporation, and Carolene Products Company, a Michigan corporation, by the State of Kansas on the relation of its Attorney General. The purpose of the proceeding was to stop the sale or offering for sale in Kansas of filled milk, manufactured by the Michigan corporation and sold by the Kansas corporation. A judgment granting this relief was entered by the Supreme Court of Kansas. 157 Kans. 404, 141 P. 2d 655.

A petition for a writ of certiorari was filed by both corporations and granted by this Court, 321 U. S. 762, to examine a single issue presented by the petition, to wit, whether the Kansas statute, which prohibits the selling or keeping for sale of the products of the Carolene Products Co., was an arbitrary, unreasonable and discriminatory interference with petitioners' rights of liberty and property in violation of the due process and equal protection of law clauses of the Fourteenth Amendment of the Constitution of the United States. A similar question as to the federal Filled Milk Act under the Fifth Amendment is decided today by this Court. *Carolene Products Co.* v.

*United States, ante,* p. 18. Little need be added to that opinion.

The Kansas statute was first passed in 1923. Rev. Stat. Kans. 1923, § 65–713. It was reenacted as it now stands in 1927. Laws of Kans. 1927, c. 242, § 8 (F) (2). It reads as follows:

"It shall be unlawful to manufacture, sell, keep for sale, or have in possession with intent to sell or exchange, any milk, cream, skim milk, buttermilk, condensed or evaporated milk, powdered milk, condensed skim milk, or any of the fluid derivatives of any of them to which has been added any fat or oil other than milk fat, either under the name of said products, or articles or the derivatives thereof, or under any fictitious or trade name whatsoever." § 65–707 (F) (2), Gen. Stat. Kans. 1935.

The compounds which petitioners manufacture and sell are covered by this statute. They are the same compounds which are described in *Carolene Products Co. v. United States, supra.* Petitioners' defense is that the compounds are sanitary and healthful. They assert that the canned compound is properly labeled and that no fraud is practiced upon the buying public to induce it to use petitioners' compound instead of whole milk products. It is admitted that the ordinary consumer cannot distinguish between the compounds and evaporated whole milk by odor, taste, consistency or other means short of chemical analysis. *State v. Sage Stores Co.,* 157 Kans. 404, 443, Finding 33.

In these circumstances, it is petitioners' contention that Kansas' prohibition of the sale, or keeping for sale, of this healthful product violates the due process and equal protection clauses of the Fourteenth Amendment.

Apparently the objection under the equal protection clause is that the Kansas statute permits the sale of skimmed milk which has less calories and fewer vitamins than petitioners' compound and yet forbids the sale of

the compound despite its higher nutritive value. Such an objection is governed by the same standards of legislation as objections under the due process clause. It is a matter of classification and the power of the legislature to classify is as broad as its power to prohibit. A violation of the Fourteenth Amendment in either case would depend upon whether there is any rational basis for the action of the legislature. *United States* v. *Carolene Products Co.,* 304 U. S. 144, 153–54; *Carmichael* v. *Southern Coal Co.,* 301 U. S. 495, 509.

This writ of certiorari brings to us only the question of the violation by the Kansas legislation of the Fourteenth Amendment. The coverage of the Kansas statute is a matter solely for the determination of Kansas. *Allen-Bradley Local* v. *Board,* 315 U. S. 740, 747; *United States* v. *Texas,* 314 U. S. 480, 487. In this case evidence was introduced as to the deficiencies in certain particulars of petitioners' compounds as compared with whole milk products. The findings of the commissioner who acted for the Supreme Court of Kansas appear in *State* v. *Sage Stores Co.,* 157 Kans. 430. His conclusions which were accepted by the court as to the properties of petitioners' compound may be gauged by his finding 53, *State* v. *Sage Stores Co.,* 157 Kans. at pp. 449–50.

"Defendant's product is wholesome, nutritious and harmless, in the sense that it contains nothing of a toxic nature, but it is inferior to evaporated whole milk in the content of fatty acids, phospholipins, sterols and Vitamins E and K, all of which are essential in human nutrition, with the probable exception of Vitamin E in the diet of infants. In addition, evaporated whole milk contains a superior growth-promoting property, found in butterfat and not in cottonseed oil, essential to the optimum growth of infants.

"These deficiencies in defendant's product, as compared to evaporated whole milk, are largely made up from other

sources when the product is used as a substitute for whole milk or evaporated whole milk in the diet of adults who consume a varied diet. When defendant's product is used as a substitute for whole milk or evaporated whole milk in the diet of infants and children who do not consume a varied diet, such deficiencies are not made up, and the diet is partially inadequate. Defendant's product does 'get into the channels of infant nutrition.' "

It was also determined by the commissioner and approved by the court that one purpose of the legislature was the prevention of fraud and deception in the sale of these compounds. *State* v. *Sage Stores Co.,* 157 Kans. 404, 412–13.

As a consequence of this evidence, findings of fact and conclusions of law, the rational basis for the action of the legislature in prohibiting the sale, or keeping for sale, of the compounds is even more definite and clear than in *Carolene Products Co.* v. *United States, ante,* p. 18. Since petitioners' products had the taste, consistency, color and appearance of whole milk products, we need not consider the validity of the Kansas act as applied to compounds which are readily distinguishable from whole milk compounds. Reference is made to part "Third" of the *Carolene* opinion for a discussion as to whether or not a prohibition of these products violates due process.

In our opinion the Kansas legislation did not violate the Fourteenth Amendment.

*Affirmed.*

MR. JUSTICE BLACK and MR. JUSTICE DOUGLAS concur in the result.