## NORTH STAR ARMY & NAVY STORE, INC. AND OTHERS v. JAMES W. CLARK AND ANOTHER.[1]

April 28, 1950.

No. 35,029.

[1]Reported in 42 N. W. (2d) 414.

56

*Joseph L. Nathanson,* for appellants.

*J. A. A. Burnquist,* Attorney General, and *Charles E. Houston,* Assistant Attorney General, for respondents.

MAGNEY, JUSTICE.

A demurrer to the complaint herein on the ground that the facts set out do not constitute a cause of action was sustained. Plaintiffs appeal.

This action is brought under the declaratory judgments act to have M. S. A. 333.17 (L. 1945, c. 212) declared unconstitutional and to have the defendants restrained from interfering with plaintiffs' use of the words "Army" and "Navy" in their business or in the titles of their corporate names or in the store fronts, and decreeing that any proceedings by defendants threatening to terminate the corporate existence of plaintiffs or threatening to bring criminal prosecutions against them are illegal and unlawful.

Section 333.17, insofar as it is applicable here, reads as follows:

"No person, firm, corporation or association, selling or offering for sale, any commodity, shall use, or cause, or permit to be used as the name or designation, or as a part of the name or designation, of any business, any of the following words, * * * : 'Army,' 'Navy,' * * * ."

A violation of the provisions of the above section is made punishable as a misdemeanor.

The complaint discloses that plaintiff North Star Army and Navy Store, Inc., is a Minnesota corporation and that it received its charter July 1, 1946. Except for two qualifying shares, all of the stock of the corporation is owned by one Benjamin Burstein, who, until the incorporation, had carried on the business individually under the identical name and at the same location in Minneapolis

for more than 20 years. He had during these years built up a sizable mail-order business in addition to a profitable retail business, and had expended large sums of money for store signs and literature, all of which bear the name "North Star Army and Navy Store." The complaint also discloses that plaintiff United Army Stores, Inc., is a Minnesota corporation, and that it received its charter on May 25, 1946. It alleges that it is an affiliate of the United Army Store at Lincoln, Nebraska; that it has been doing business in St. Paul; that the parent organization in Nebraska has been in existence for a number of years prior to March 31, 1945; that since the incorporation of the Minnesota company said United States Army Stores, Inc., has built up a profitable business and has expended large sums of money for signs and advertising under its corporate name.

Both plaintiffs allege that they are engaged in the selling of merchandise known as army and navy goods as well as war surplus goods, and that the general public has come to associate the goods sold by plaintiffs as army and navy goods and war surplus goods. They allege that the defendant James W. Clark as commissioner of the department of business research and development and the defendant J. A. A. Burnquist as attorney general of the state of Minnesota are threatening to terminate the corporate existence of plaintiffs and to bring criminal prosecutions against them unless they delete from their names the words "Army" and "Navy." They contend that the statute is unconstitutional and that the action is brought in behalf of all other persons similarly situated who may join in the prosecution thereof. As stated, the court sustained the demurrer to the complaint.

The record indicates that no person similarly situated joined in the prosecution of the action.

Sections 362.07 to 362.24 (L. 1947, c. 587) relate to the creation, organization, powers, and duties of the department of business research and development, a department of the state government of Minnesota. It is administered under the direction and authority of a commissioner. Without going into detail as to the designated

duties of the commissioner as set out in the above sections of the statute, it is sufficient to state that if plaintiffs were making unlawful use of words in their names and business the commissioner had a duty to perform.

The plaintiff corporations were organized after the adoption of the statute which is here attacked. They were therefore not in existence at the time of the enactment of the statute. As to these corporations, there is no basis for a claim by them of invalidity of the statute on the ground that it impairs contract obligations. If plaintiff corporations had been organized *prior* to the enactment of the statute and had been engaged in the business as outlined in the complaint, a materially different question would be presented to us.

In most jurisdictions, statutory provisions have been enacted prohibiting the use by a corporation, as a part of its name, of certain described words such as "bank," "insurance," "trust," etc. The object of such legislation is to guard against the placing of confidence by the public in corporations holding themselves out as subject to governmental supervision and control. Such statutory provisions have generally been held valid as an exercise of the police power, although, as to existing corporations, the statute may be invalid as an impairment of contract obligations. 13 Am. Jur., Corporations, § 132.

Under a provision of our business corporation act (§ 301.05, subd. 7), the words "bank," "trust," "insurance," "building and loan," "savings," and "cooperative" may not be used as part of the name of a corporation organized under that act. Plaintiffs are incorporated under that act. There certainly can be no doubt that, as to corporations organized *after* the enactment of the above statute, such statute would be held valid as a proper exercise of the police powers. As stated, such statutes have generally been held valid.

The statute the validity of which is here challenged prohibits the use of the words "Army," "Navy," and other words which are officially used to designate the government or the various agencies and activities of the United States government as the name or

designation, or as part of the name or designation, of any business.

The purpose of such legislation is apparent. The use of such words as "Army" or "Navy" in name or designation of a business gives the impression that the establishment using it is in some way connected with the United States government, or that all the stock offered for sale was manufactured for or purchased directly from the United States government, and therefore made under the strict specifications of the government, which insures higher quality goods which are offered at lower than going prices. The opportunities for giving false impressions and actual misrepresentations are plainly present. Immediately after the close of our fighting wars, establishments of this kind sprang up in practically every community of any size, and the legislatures of the several states sensed that at least there was a potential evil that should be prevented. Although legislation in the various states differs in detail, there is no mistaking the objective. The fact that so many separate jurisdictions have within a very short time enacted similar legislation in the exercise of the police power adds considerable weight to the notion that there is a valid basis for the exercise of that power. In Sage Stores Co. v. Kansas ex rel. Mitchell, 323 U. S. 32, 35, 65 S. Ct. 9, 10, 89 L. ed. 25, 28, the court said that "A violation of the Fourteenth Amendment * * * would depend upon whether there is any rational basis for the action of the legislature." In our opinion, there is a rational basis for the enactment of the statute involved, and that the provisions of the act are not unreasonable.

Order affirmed.