**CHICAGO, R. I. & P. R. CO. v. LONG et al.**

No. 14062.

United States Court of Appeals
Eighth Circuit.

April 11, 1950.

Rehearing Denied May 2, 1950.

296

A. B. Howland, Des Moines, Iowa
(Ralph L. Read, Des Moines, Iowa, was
with him on the brief), for appellant.

Bert F. Wisdom, Assistant Commerce
Counsel of Iowa, Des Moines, Iowa
(Ernest Porter, Commerce Counsel of
Iowa, Des Moines, Iowa, and Leo E. Fitz-

gibbons, City Attorney, Estherville, Iowa,
were with him on the brief), for appellees.

Before SANBORN, WOODROUGH
and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

The Chicago, Rock Island and Pacific
Railroad Company, a Delaware corporation, brought this action in the district court
against the chairman and members of the
Iowa State Commerce Commission and the
City of Estherville, Iowa, a municipal corporation, for a declaratory judgment that
an order of the Commission entered April
8, 1949, requiring the Company to install,
maintain and operate flashing light and bell
signals at a street crossing in the city of
Estherville was void and beyond the jurisdiction of the Commission, unreasonable,
inequitable and unjust, and to enjoin the
enforcement thereof as violative of the due
process and equal protection clauses of the
Fourteenth Amendment to the Constitution
of the United States.

The defendants by separate motions
moved to dismiss the complaint on the
grounds:

1. That plaintiff's suit is in substance an
action against the State of Iowa and not
against the members of the Commission as
individuals, and is therefore barred by the
Eleventh Amendment to the United States
Constitution;

2. That plaintiff has a plain, speedy and
efficient remedy in the courts of the State
of Iowa; and

3. That the City of Estherville was not
a proper party to the action in that no relief was sought against the city.

The motions to dismiss were sustained by
the court "solely on the ground that the
court is without jurisdiction to maintain the
action."

Judgment was entered dismissing the action at plaintiff's costs, and plaintiff has appealed.

The complaint alleges diversity of citizenship; that the suit involves more than
$3,000; and that the suit arises also under
the Constitution of the United States.

The complaint charges that on June 28,
1948, the City Council of Estherville adopt-

ed a resolution requiring plaintiff "to place flagmen, or to erect, construct, maintain and operate suitable mechanical signal devices or gates upon the railroad crossing at Central Avenue for the six tracks of the said railroad company crossing Central Avenue in the City of Estherville"; that about November 20, 1948, the city filed a petition in the office of the State Commerce Commission for an order requiring plaintiff to construct and maintain signals at the crossing, alleging that the crossing was unusually dangerous, and stating that the city had adopted the resolution of June 28, 1948, referred to above, and that notwithstanding said resolution plaintiff failed and refused to provide crossing protection in compliance with said order. In its answer to the petition of the City Council plaintiff charged that an order requiring the installation of automatic signal protection at the crossing at its sole expense would violate the Fourteenth Amendment of the United States Constitution in that it would be deprived of its property without due process of law and would violate Section 9 of Article One of the Constitution of Iowa, I.C.A.

The complaint further charged that the evidence at a hearing held before the Commission disclosed that after December 30, 1948, the plaintiff had ordered and directed all crews of trains operating in the city of Estherville to place a member of the crew on the Central Avenue crossing in advance of the movement of trains to act as a flagman before trains or cars passed over.

The evidence introduced before the Commission is not set out in the record. The Commission, however, after reviewing the evidence, entered the order complained of on April 8, 1949. Thereafter plaintiff filed a petition for reconsideration which was denied on June 20, 1949.

Since jurisdiction of the district court only is involved on this appeal, we shall express no opinion on the merits of the controversy.

The Eleventh Amendment provides that the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state. If, therefore, this is in reality a suit against the State of Iowa, the district court was without jurisdiction, and the judgment appealed from must be affirmed, unless the state has consented that it be sued.

Plaintiff contends: 1. That this is not a suit against the State of Iowa; and 2. That even if it be held to be a suit against the state, the State of Iowa by § 474.28 of the 1946 Code of Iowa, I.C.A., has waived its right to invoke the Eleventh Amendment in actions brought to review orders of the Iowa State Commerce Commission.

The resolution and order of the city council of Estherville of June 28, 1948, which initiated this proceeding, declared "That this order and direction shall be deemd to be an exercise of the police power vested by law in the City Council, and an exercise of the special statutory authority granted to and vested in the City Council under the law of the State of Iowa."

Section 389.41 of the Code of Iowa of 1946, I.C.A., provided that "Cities and towns shall have power to compel railroad companies to place flagmen, or to erect, construct, maintain, and operate suitable mechanical signal devices or gates, upon public streets at railroad crossings * * *; provided that in cases where a controversy arises between the railroad company and the council as to necessity for such flagmen, signal devices, or gates, the matter shall be determined by the Iowa state commerce commission."

Section 474.2 provides for a State Commerce Commission of three persons, one of whom shall be chairman.

Section 474.10 gives the commission general supervision of all railroads in the state; and concludes: "It shall investigate any alleged neglect or violation of law by any such common carrier, its agents, officers or employees.

\* \* \* \* \*

"Section. 474.24. *Jurisdiction of courts to enforce order.* The district courts of this state shall have jurisdiction to enforce, by proper decrees, injunctions, and orders,

the rulings, orders and regulations affecting public rights, made by the commission as authorized by law for the direction and observance of railroads in this state. The proceedings therefor shall be by equitable action in the name of the state, * * *.

* * * * *

"Section 474.28. *Proceedings to vacate order.* Any railroad aggrieved at any rule, order, or regulation made by the commission may institute proceedings in any court of proper jurisdiction to have the same vacated. If found by the court, after due trial, not to be reasonable, equitable, or just, and if upon appeal from any rule, order, or regulation of the commission the complaining railroad is successful in having such rule, order, or regulation vacated, the aforesaid penalty shall be set aside.

* * * * *

"Section 474.42. An appeal to the supreme court shall not stay or supersede the order of the court or the execution of any writ or process thereon * * *."

■ In Postal Telegraph Cable Company v. Alabama, 155 U.S. 482, 487, 15 S. Ct. 192, 194, 39 L.Ed. 231, it is said: "A state is not a citizen. And under the judiciary acts of the United States, it is well settled that a suit between a state and a citizen or a corporation of another state is not between citizens of different states, and that the circuit court of the United States has no jurisdiction of it, unless it arises under the constitution, laws or treaties of the United States." This is still the rule in the federal courts whenever the application of the Eleventh Amendment arises. State Highway Commission of Wyoming v. Utah Construction Company, 278 U.S. 194, 200, 49 S.Ct. 104, 73 L.Ed. 262; Hertz v. Knudson, 8 Cir., 6 F.2d 812, 815; State Highway Commission in Arkansas v. Kansas City Bridge Co., 8 Cir., 81 F. 689.

■ The Amendment does not prohibit a suit against state officials when there is a constitutional infringement of the plaintiff's rights, nor when the official is acting under an invalid statute. "If, however, the officer is merely a nominal defendant, and the state is the real party in interest, then the suit is in substance one against the state, and cannot be maintained." Cargile v. New York Trust Co., 8 Cir., 67 F.2d 585, 588, and cases cited.

■ In State of Minnesota v. Hitchcock, 185 U.S. 373, 387, 22 S.Ct. 650, 656, 46 L.Ed. 954, the Supreme Court said: "* * * whether a suit is one against a state is to be determined, not by the fact of the party named as defendant on the record, but by the result of the judgment or decree which may be entered." And in Larson, etc., v. Domestic and Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 1460, the Court say: "In each such case the compulsion, which the court is asked to impose, may be compulsion against the sovereign, although nominally directed against the individual officer. If it is, then the suit is barred, not because it is a suit against an officer of the Government, but because it is, in substance, a suit against the Government over which the court, in the absence of consent, has no jurisdiction."

■ A state, it has often been held, may waive the immunity of the Eleventh Amendment and consent to be sued by a citizen of another state, but such consent must be granted by express legislative authority. O'Connor v. Slaker, 8 Cir., 22 F. 2d 147, 151; Great Northern Life Ins. Co. v. Read, 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121. The construction of the Iowa statute by the Iowa courts is binding on this court. Cargile v. New York Trust Co., supra; Ford Motor Co. v. Department of Treasury of Indiana, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389; Sage Stores Co. v. State of Kansas, 323 U.S. 32, 35, 65 S.Ct. 9, 89 L.Ed. 25; King v. State of West Virginia, 216 U. S. 92, 30 S.Ct. 225, 54 L.Ed. 396.

■■ In this case it is clear that the State of Iowa is the real party in interest and that the action is in fact against it. Section 474.24 of the statute, supra, provides that orders of the Commission affecting public rights must be enforced in the courts of the state "in the name of the state." In Smith et al., Railroad Commissioners v. Chicago, M. & St. P. Ry. Co., 86 Iowa 202, 53 N.W. 128, 129, an action to enforce an order of the Commission, the Supreme Court of Iowa said: "* * * the com-

missioners have no personal interest in their orders and requirements, and act only by virtue of the statute in attempting to enforce them. The rights which they are required to protect by actions in equity are public, and it is proper that such actions should be brought in the name of the state." It is the power of the state that is exercised in such cases in the interest of the public. Burlington, C. R. & N. Ry. Co. v. Dey et al., Commissioners, 82 Iowa 312, 48 N.W. 98, 12 L.R.A. 436, 31 Am.St.Rep. 477. See, also, Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714, 13 L.R.A., N.S., 932, 14 Ann.Cas. 764; Smith v. Reeves, 178 U.S. 436, 20 S.Ct. 919, 44 L.Ed. 1140; Campbell et al. v. Chicago, M. & St. P. Ry. Co., 86 Iowa 587, 53 N.W. 351, 17 L.R.A. 443.

It is clear, therefore, that "the compulsion which the court is asked to impose", that is, an injunction restraining the enforcement of an order entered by the state commerce commission in the performance of their statutory duties, is compulsion against the state of Iowa.

The contention that the commission in entering the order complained of exceeded its jurisdiction under the Iowa statute is without support in the record. Its jurisdiction was invoked under § 389.41 of the Code of Iowa of 1946, I.C.A., supra, by a petition of the city council of the city of Estherville. The statute provides that "where a controversy arises between the railroad company and the [city] council as to the necessity for such flagmen, signal devices, or gates, the matter shall be determined by the Iowa State commerce commission."

Plaintiff bases its contention that the commission was without jurisdiction on the ground that no controversy existed between the city and plaintiff. The petition of the city council of the City of Estherville is not set out in the record; but the complaint alleges that such petition was filed on November 20, 1948; that the petition so filed set out the resolution of the city council which declared the crossing at Central Avenue in said city is an unusually dangerous crossing; that the city council had adopted a resolution requiring plaintiff "to place

a flagman, or to erect, construct, maintain and operate suitable mechanical devices or gates, upon the railroad crossing * * *" and that "notwithstanding said resolution" plaintiff "had failed and refused to provide crossing protection and comply with said resolution." The pleadings thus show a "controversy" conferring jurisdiction on the commission. The contention that the evidence before the commission failed to disclose a "controversy" goes to the merits and not to the jurisdiction of the commission. The evidence taken at the hearing before the commission is not included in the record and we cannot consider it.

The cases cited by plaintiff have been examined, but they may all be distinguished from this case. Here no private rights are involved—only the rights of the public represented by the State of Iowa are affected. The state is the only proper party defendant.

 It is further insisted that the state waived its immunity from suit by a resident of another state by the language used in § 474.28 of the statute reading: "Any railroad aggrieved at any rule, order, or regulation made by the commission may institute proceedings in any court of *proper jurisdiction* to have the same vacated." (Emphasis supplied.) Plaintiff contends that the federal district court for the southern district of Iowa is a court of "proper jurisdiction" within the meaning of the language of the statute.

If it were conceded that the language of the statute is equivocal and that it has not been interpreted by the highest court of the state, it would not aid plaintiff. In such case our duty would be to remand the case to the district court with directions to retain the complaint pending the determination of proceedings to be brought with reasonable promptness in the state court. Spector Motor Co. v. McLaughlin, 323 U.S. 101, 65 S.Ct. 152, 89 L.Ed. 101. We do not think the language of the statute is equivocal. The law, as pointed out supra, is that waiver of immunity by a state under the Eleventh Amendment must be by clear and express language. The provision of the statute, supra, that appeals may be taken

to the Supreme Court of the state "indicates that the state contemplated proceedings to be instituted and carried to a conclusion only in its own judicial tribunals." Smith v. Reeves, 178 U.S. 436, 441, 20 S. Ct. 919, 921, 44 L.Ed. 1140.

In Kennecott Copper Corp. v. State Tax Commission, 327 U.S. 573, 66 S.Ct. 745, 747, 90 L.Ed. 862, the Supreme Court held that a statute of Utah authorizing any taxpayer who had paid his taxes under protest to bring suit "in any court of competent jurisdiction" against the officer to whom the tax was paid or "against the state" to recover the tax does not grant consent to suits against the State in federal courts. We think that decision is controlling here. The language of the Utah statute and of the Iowa statute relied upon by plaintiff in each case has the same meaning. This fact is recognized by plaintiff; but counsel argue that the decision of the Supreme Court in the case involving the tax case from Utah should not be accorded any weight because it was decided by a minority of the Supreme Court, it being a 4 to 3 decision. Two of the members of the court did not participate in the consideration of the case. Nevertheless it is a decision of the Supreme Court and until overruled is binding upon this court.

■■■ The contention that the district court had jurisdiction because the order of the commission deprives plaintiff of property without due process of law and denies to it the equal protection of the law in violation of the Fourteenth Amendment is without merit. The Fourteenth Amendment provides that no State shall deprive any person of property without due process of law "nor deny to any person within its jurisdiction the equal protection of the laws." There is no claim that the statute, supra, under which the commission proceeded in promulgating the order complained of is unconstitutional, or that plaintiff was not accorded a fair hearing. Therefore, no basis exists for the charge that the order itself violates the Fourteenth Amendment. In the case of State v. Mason City & Ft. D. R. Co., 85 Iowa 516, 524, 52 N.W. 490, 493, the Supreme Court of Iowa, speaking of an order of the commission, said: "The order

of the board, as a result of its investigation, is not the judgment or conclusion that binds the parties. It is merely by the law made the basis of an action wherein the rights of the parties are investigated and determined by the prescribed rules of judicial inquiry." After quoting the foregoing statement with approval in Lowden v. Iowa State Commerce Commission, 229 Iowa 526, 294 N.W. 749, 751, the Court continued: "When proceedings are had to enforce or vacate the order, the judicial inquiry by the court is whether the order is reasonable, equitable and just."

Under these circumstances it cannot be said that the order of the commission violated the Fourteenth Amendment.

■■■ It is argued further that in some way the City of Estherville was a necessary party and that its presence as a defendant resulted in diversity of citizenship. The statute quoted supra and the decisions of the Supreme Court of Iowa render it too clear for controversy that the only interested parties are the State of Iowa and the Railroad Company.

For the foregoing reasons the judgment appealed from must be, and it is,

Affirmed.